IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRIAN L. TROBER, JR.,**

        **Plaintiff,**

    v.                        CASE NO. 12-3074-SAC

**RICHARD KLINE,**

        **Defendant.**

MEMORANDUM AND ORDER

    This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee in the Shawnee County Jail, Topeka, Kansas, proceeds pro se. The court grants leave to proceed in forma pauperis.[1]

**Screening**

    This matter is governed by the Prison Litigation Reform Act (PLRA). Enacted in 1995, the PLRA allows the court to conduct a preliminary review of an action filed by a prisoner seeking relief

---

[1] Because plaintiff's financial records shows a negative balance, the court does not impose an initial partial filing fee. Plaintiff is advised that he remains obligated to pay the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

against an employee of a governmental entity and to dismiss the complaint, or any portion of it, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §1915A.

Because plaintiff proceeds pro se, the court must liberally construe his complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, plaintiff still must present "sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff claims that he was sanctioned improperly with a denial of outdoor recreation following disciplinary action at the jail. The materials attached to the complaint show that plaintiff was found guilty of violating jail rules by committing battery on a corrections officer. He waived his right to a hearing and pled no contest to throwing pills and water at an officer. The explanation for the sanctions imposed reads:

> You have built an extensive and violent disciplinary history. A sanction of 60 days disciplinary segregation, loss of all jail privileges, consecutive to current sanctioned time, loss of 14 days outdoor court privilege, and a 10-dollar fine will be imposed. (Doc. 1, Attach. "DISCIPLINARY HEARING DECISION".)

The notice provided advised plaintiff of his right to file an appeal, but it is unclear whether he did so.

Plaintiff challenges the loss of outdoor recreation as a violation of the Eighth Amendment. This claim concerns the conditions of his confinement. Because plaintiff is a pretrial

2

detainee, his claims are governed by the Due Process Clause. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002). However, while plaintiff's rights are secured by the Fourteenth Amendment, the courts apply the identical analysis used in cases arising under the Eighth Amendment for evaluating claims of unconstitutional conditions of confinement. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)("Although the Due Process Clause [of the Fourteenth Amendment] governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." 164 F.3d 490, 495 (10th Cir.1998)(internal citations omitted)).

Plaintiff appears to contend that the 14-day restriction on outdoor recreation violates the Constitution because it was not specifically identified as an available sanction and because he already was in administrative segregation, a classification that required him to be in his cell for 23 hours a day.

The Fourteenth Amendment "protects against governmental deprivations of life, liberty, or property without due process of law." *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1135 (10th Cir. 1994). To state a claim alleging a denial of due process, plaintiff must allege first, a protected liberty interest, and second, that he was deprived of that interest by governmental action. *Bartell v. Aurora Pub. Schs.*, 263 F.3d 1143, 1149 (10th Cir. 2001).

Because plaintiff is a prisoner, his due process rights are somewhat more narrow, and a protected liberty interest is implicated

3

only when he is subjected to conditions of confinement that "impose atypical and significant hardship ... in relation to the ordinary incidents of prison life" or when he is subjected to a disciplinary action that will "inevitably affect the duration of his sentence." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995).

Here, plaintiff is a pretrial detainee, and the disciplinary action could have no impact on the duration of a sentence. Next, the court finds no allegations that suggest that any departure from jail policy resulted in an atypical and significant hardship on the plaintiff. Rather, the 10-day restriction from outdoor recreation was a brief limitation that arose from misconduct that plaintiff did not contest. *Compare Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006)(concluding that a prisoner's three-year classification in administrative segregation during which he was confined in his cell for all but five hours per week and was denied all outdoor recreation was arguably an atypical condition of confinement implicating due process). *Also see Oakley v. Zavaras*, 2012 WL 1044591, *3 (D. Colo. 2012)(noting that "outdoor recreation could be withheld for some limited period of time based upon disciplinary violations"). Therefore, while the restriction no doubt was unpleasant, it was not sufficiently harsh to state a claim for relief under the Due Process Clause.

## Conclusion

The imposition of a brief restriction on outdoor recreation as a disciplinary sanction does not state an atypical and significant

4

hardship that implicates the Due Process Clause. This matter does not state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall commence pursuant to 28 U.S.C. § 1915(b)(2) and continue until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED this matter is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Copies of this order shall be transmitted to the plaintiff and to the finance office of the Shawnee County Jail.

**IT IS SO ORDERED.**

DATED:  This 27th day of April, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

5